## Case No. 7,006.

### ILLINOIS v. CHICAGO & A. R. CO.

[6 Biss. 107; 6 Chi. Leg. News, 316; 1 Cent. Law J. 340; 10 Alb. Law J. 36; 9 Am. Law Rev. 151; 6 Leg. Gaz. 252.] [1]

Circuit Court, S. D. Illinois. June 18, 1874.

REMOVAL OF CAUSES—JURISDICTION.

The United States circuit court has no jurisdiction of a writ of certiorari to a state court for the removal of proceedings by the state against a railroad company under the Illinois act of May 2, 1873.

Motion to quash a writ of certiorari. The state of Illinois commenced in its own name by the attorney-general, in the circuit court of Sangamon county, a prosecution against the defendant [the Chicago & Alton Railroad Company], a corporation chartered by the state, for violation of the act of legislature, of May 2, 1873, entitled "An act to prevent extortion and unjust discrimination in the rates charged for the transportation of passengers and freights on railroads in this state, and to punish the same," etc. Rev. St. 1874, p. 816. After the action was commenced, the defendant in vacation, filed a petition, verified by affidavit, with the clerk of this court, which alleged in substance that the railroad company claimed rights, privileges and immunities secured by the constitution of the United States, and that, under the color of the act of this state above mentioned, the company was subject to be deprived of the same, and asking for a writ of certiorari to the state court, where the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 10 Alb. Law J. 36. and 9 Am. Law Rev. 151, contain only partial reports.]

action was pending. The clerk accordingly issued the writ of certiorari, requiring the state court to send to this court the record and proceedings in the cause.

Corydon Beckwith, P. S. Edwards, and Milton Hay, for the company.

James K. Edsall, Atty. Gen., J. Milton Palmer, and William M. Springer, for the State.

Before DAVIS, Circuit Justice, DRUMMOND, Circuit Judge, and TREAT, District Judge.

DRUMMOND, Circuit Judge. The question now made is whether the court has jurisdiction of the case. It is claimed to exist under the first section of the act of congress of April 20, 1871, 17 Stat. 13, which is as follows: "Any person who, under color of any law, statute, ordinance, regulation, custom, or usage of any state, shall subject, or cause to be subjected, any person within the jurisdiction of the United States, to the deprivation of any rights, privileges or immunities secured by the constitution of the United States, shall—any such law, statute, ordinance, regulation, custom or usage of the state to the contrary notwithstanding—be liable to the party injured, in any action at law, suit in equity, or other proper proceeding for redress: such proceeding to be prosecuted in the several district or circuit courts of the United States, with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in such courts, under the provisions of the act of the 9th of April, 1866 [14 Stat. 27], entitled, etc., and the other remedial laws of the United States which are in their nature applicable in such cases."

It is insisted by the counsel of the railroad company that the language of this section includes all persons of every class within the jurisdiction of the United States; that it comprehends any rights, privileges or immunities secured by the constitution, and any one of the amendments, and that the corporation is a person representing and acting for all the members of which it is composed, and for the rights, privileges or immunities secured to them as such. Now, if it be admitted that this is the true construction of the act of April 20, 1871, and if it be conceded, further, that the state was prosecuting an action of debt for a penalty which could not be imposed without causing the company to be subjected to the deprivation of rights, privileges and immunities granted by the constitution, the question is whether the cause could be removed from the circuit court of Sangamon county, so as to authorize this court to take jurisdiction.

The reason urged is that the act of the legislature under which the penalty is sought to be imposed impaired the obligation of the contract which the state made with the company by its charter. If this were so, has congress authorized the transfer of a case

from the state to the federal courts in such a contingency? It must satisfactorily appear that this has been done.

There can be no doubt that congress can vest any jurisdiction, authorized by the constitution, in the federal courts, either originally or by transfer from the state courts. But prior to the act of April 20, 1871, that clause of the constitution which prohibits a state from passing any law impairing the obligation of contracts, when involved in a suit pending in a state court, and the decision of the court was in favor of the validity of such a law, could only be construed by the federal courts by writ of error under the 25th section of the judiciary act [1 Stat. 85]. Has the act of April 20, 1871, changed this? If so, it must be by express words or by necessary implication. The first section of the act of 1871 declares that the person doing the injury under color of the state law shall be liable to an action at law, suit in equity or other proper proceeding for redress. It will be observed that then the words "action at law and suit in equity" are omitted, and the language is "such proceeding to be prosecuted in the several district and circuit courts of the United States." There can be no doubt that the action at law and suit in equity referred to are original actions and suits to be commenced in the district or circuit courts, and it would seem not an unfair construction to hold that "other proper proceeding" should follow the principal words used, and should also be referred to any original proceeding other than such as might be properly termed an action at law or suit in equity; and when they were prosecuted in the district or circuit court they were to be subject to the same right of appeal, review upon error, and other remedies in like cases provided under the act of April 9, 1866, and other remedial laws in their nature applicable in such cases.

Now the argument is that because in some of the statutes here referred to provision is made, under certain circumstances named in each case, for a transfer of the case from the state to the federal court, this cause can, therefore, be transferred. We are not prepared to admit the conclusion. On the contrary, we think that if the first section of the act of 1871 were intended to authorize the transfer, more explicit language would have been used. Undoubtedly that section in the case named intended to confer on the circuit and district courts original jurisdiction, but full effect can be given to the section by applying the words used to original "actions at law, suits in equity, or other proper proceeding;" and "like cases," may well mean cases originally brought in such courts, namely, the district and circuit courts of the United States. The case is not then within the rule already stated. See Gaughan v. Northwestern Fertilizing Co. [Case No. 5,272.] The transfer of this case to this court is not authorized by express words or by necessary implication. We think, therefore, this court has no juris-

diction of the case, that the writ should be quashed, and the suit remanded to the Sangamon circuit court. Cause remanded.

NOTE. In case of Chicago & A. R. Co. v. Wiswall [23 Wall. (90 U. S.) 507], involving same question, supreme court of United States dismissed an appeal on the part of the company on the ground that the proper remedy was by mandamus and not by appeal. Since the rendering of above decision congress has enlarged the jurisdiction of the federal courts. Act March 3, 1875 [18 Stat. 470].

---

ILLINOIS, The (The ELLEN HOLGATE. v.). See Case No. 4,376.

ILLINOIS. The (McFADDEN v.). See Case No. 8,784.

ILLINOIS, The (NALL v.). See Case No. 10,005.

ILLINOIS & MISS. TEL. CO. (GILMAN v.). See Case No. 5,443.