HARRIS *et al. v.* LUXURY FRUIT COMPANY *et al.*

1. Creditors instituted in the State court an insolvency action for the appointment of a receiver to administer, for the benefit of creditors, the assets of a debtor alleged to be insolvent. The defendant filed a cross-petition against one of the plaintiffs and two other persons, alleging that these three had caused a fraudulent sale to be made of certain land of the original defendant (plaintiff in the cross-action), and praying to have a receiver take possession of such land, to have the sale set aside and the deed made in pursuance of it canceled, and for other relief. An ex parte order was granted upon the cross-petition, directing the receiver to take possession of the land. The purchaser at the sale, and a defendant in the cross-petition who was a plaintiff in the original action, filed motions to vacate the order directing the receiver to take possession of such land. The allegations of such motions asserted title adversely to the plaintiff in the cross-petition, and possession thereof. While the case was thus pending before the State court the defendant in the original petition (the plaintiff in the cross-petition) was adjudicated a voluntary bankrupt. The judge of the State court refused to hear the motions to revoke the order directing the receiver to take possession of the land, and, on motion of the receiver appointed by the court of bankruptcy, ordered the receiver of the State court to deliver to such receiver in bankruptcy all of the assets of the insolvent debtor, specifying in the order that this should include the land above mentioned. *Held*, that while the proceedings in bankruptcy superseded the general insolvency proceeding in the State court, and an order for a delivery to the receiver in bankruptcy of all assets clearly and without controversy belonging to the bankrupt was proper, yet, under the practice governing equitable actions in this State, the cross-petition by which the defendant in the original action sought to cancel the deed, and to establish its right to the land held and adversely claimed by others, was not an integral part of the insolvency proceeding, but took the place of a separate bill in equity by the defendants in the cross-petition. So far as the land involved in this controversy was concerned, it stood as if the defendant in the original proceeding had filed a separate and independent equitable suit against the defendants in the cross-action. Had such a suit been instituted by it, the voluntary bankruptcy of the plaintiff in such action would not have authorized the seizure of the land and its delivery to the receiver of the bankruptcy court, until the controversy in regard to the title and right of possession thereto had been determined. The proceedings in bankruptcy would not supersede the right of the State court to proceed with reference to the cross-petition to determine the issues involved, nor would it transfer the right to determine those issues to the court of bankruptcy. It was accordingly error for the State court to substantially seize the possession of the land as against a claim of title and possession in another, and summarily transfer such possession to the plaintiff in the cross-action, or the receiver in bankruptcy representing him.

2. Upon motions by the defendants in the cross-petition, to revoke an ex parte order directing the receiver in the State court to take the lands

from the possession of the defendants in the cross-bill, the judge did not make any ruling; and whether or not he should have revoked the order is not now for decision.

3. The motion to dismiss the writ of error in the Supreme Court, upon the ground that the questions raised in the bill of exceptions are moot, is without merit.

JULY 14, 1914. REHEARING DENIED JULY 20, 1914.

Receivership, etc.    Before Judge Mathews.    Houston superior court.    March 31, 1914.

W. H. Harris and two others, as creditors, filed an insolvency action against the Luxury Fruit Company, a corporation, praying for the appointment of a receiver and the administration of the corporate assets. A temporary receiver was appointed. The corporation filed a cross-bill, averring that the title to certain lands and possession thereof had been fraudulently obtained from it by Harris, aided by W. R. Brown, whom it was asked to be made a party. It was prayed that the alleged fraudulent deed be canceled, and that the land be placed in the possession of the receiver appointed in the insolvency proceeding. An ex parte order was granted, directing the receiver to take possession of the land; restraining Harris and Brown, until the day fixed for the hearing of the main bill, from conveying or otherwise interfering with the property, and requiring the defendants in the cross-bill to show cause why the prayers contained therein should not be granted. On the day following the ex parte order Harris and Brown filed separate motions to vacate it. On the day set for the hearing of these motions, before the time set for the interlocutory hearing on the main bill and cross-bill, the Luxury Fruit Company was adjudicated a bankrupt, and a receiver was appointed by the court of bankruptcy. On the same day the receiver orally applied to the State court for an order directing the receiver of the State court to deliver to him all the assets in his hands, and exhibited to the court the petition of the debtor for the appointment of a receiver in the United States court in the proceeding in bankruptcy, and the order of the referee in bankruptcy appointing the applicant receiver for the bankrupt estate. The court refused to hear the motions by Harris and Brown to vacate the order directing the State court receiver to take possession of the land, but, on the application just mentioned, ordered the receiver in the State court to turn over to the receiver in bankruptcy, in addition to the other assets of the Luxury Fruit Com-

pany, the land described in the cross-bill, which had been ordered to be taken in charge by the State court receiver under the ex parte order above mentioned. Brown and Harris assign error on the ruling of the court.

*John R. L. Smith* and *Louis L. Brown*, for plaintiffs.

*Hardeman, Jones, Park & Johnston* and *C. L. Shepard*, for defendants.

ATKINSON, J. 1. It appears from the record that Brown claims title to the land in controversy adversely to the Luxury Fruit Company, under a sale made by virtue of a power of sale in a mortgage given by it; that Harris was in actual possession, but claimed to hold under Brown. Thus, both title and possession were in issue. By the cross-bill the Luxury Fruit Company attacked, as fraudulent, a certain sale and deed purporting to bring about a transfer of title from that corporation to Brown. It alleged that Harris had previously obtained possession as its lessee. It prayed that a receiver be appointed to take charge of the land; that Harris and Brown be restrained and enjoined from selling it or in any way interfering with the title claimed by the corporation, or from changing its status; that the sale made by a creditor of the corporation, under a power of sale included in a mortgage or security deed, should be declared void, and the deed executed in pursuance thereof to Brown should be surrendered and canceled. In the alternative it prayed for an accounting with the creditor. It also prayed for an accounting with several defendants mentioned, and for general relief. It is clear that the litigation involved both title and possession. Ordinarily any disturbance of the possession of Harris and Brown by the Luxury Fruit Company, before its right thereto had been declared by the court, would be premature. So would it be if the receiver in a court of bankruptcy should assume to disturb the possession of Harris and Brown, who claimed adversely to the bankrupt. Section 70 of the bankruptcy act, by operation of law, vests title of the bankrupt in the trustee in bankruptcy, but does not purport to divest the title or right of possession of third persons holding adversely to the bankrupt. In other words, adjudication in bankruptcy will not operate automatically as a judgment in ejectment, ousting adverse claimants from the possession of land. The Federal bankruptcy law supersedes the State insolvency law in regard to the administration of insolvent estates. See 1 Remington

on Bankruptcy, § 1602. But this refers particularly to the estate of the insolvent, and has no application to rights of others holding adversely to the insolvent. The State court was a court of competent jurisdiction, and the action was pending on the cross-bill when the Luxury Fruit Company was adjudicated a bankrupt. The State court, having taken full cognizance of the cause, was not divested of its jurisdiction on account of the concurrent jurisdiction conferred by the Federal bankruptcy laws. The remedy of the trustee in bankruptcy was, under section 11 of the bankruptcy act, to apply to the State court to be made a party in lieu of the Luxury Fruit Company, to prosecute the rights asserted in the cross-bill. Eyster *v.* Gaff, 91 U. S. 521 (23 L. ed. 403) ; *Merry* v. *Jones,* 119 *Ga.* 643 (46 S. E. 861) ; *Neill* v. *Barbaree,* 135 *Ga.* 771 (70 S. E. 638). It follows from what has been said that the judge erred in ordering the State court receiver to turn over to the receiver in the court of bankruptcy the property sought to be recovered by the Luxury Fruit Company in the State court insolvency proceedings.

2. The court should have heard and determined the motions of Harris and Brown to revoke the ex parte order directing the receiver in the State court to take charge of the property referred to in the cross-bill, but he did not do so; therefore the propriety of such order has never been passed upon by the trial judge, and the assignments of error on the court's refusal to sustain the motion to vacate are not for decision.

3. On the call of the case in the Supreme Court a motion was made to dismiss the bill of exceptions, on the ground that no supersedeas or stay of judgment was taken, and that the State court receiver had relinquished his possession of the premises to the United States court receiver, and therefore the question raised in the writ of error became moot. The property which was delivered into the possession of the United States court receiver was realty, and until the plaintiffs in error reverse the judgment complained of they will not be in position to apply to a Federal court for a restoration of possession. It is to be presumed that upon it being made to appear to the bankruptcy court that the order placing the property in the possession of the receiver in the court of bankruptcy was improperly granted, the latter court will direct its receiver to relinquish his possession to the State court receiver.

*Judgment reversed. All the Justices concur.*