## LUXURY FRUIT COMPANY *v.* HARRIS *et al.*

1. Where a receiver is appointed in an insolvency action, and the defendant files a cross-action against one of the plaintiffs in that suit and two others, alleging that the defendants in the cross-action have caused a fraudulent sale to be made of certain land of the original defendant, and praying that the receiver appointed in the insolvency action take possession of the land, and that the sale be set aside and the deeds made in pursuance of it be canceled, and obtains an ex parte order directing that the receiver take possession of the specific land; and where, pending the insolvency proceeding in the State court, the defendant in the original petition (the plaintiff in the cross-action) is adjudicated a bankrupt, and a receiver is appointed by the court of bankruptcy; and where the receiver of the bankruptcy court, applies to the State court for an order directing the receiver of the State court to deliver to him the possession of the property of the bankrupt, including the land in controversy, which order is granted; and where such order is subsequently reversed by the Supreme Court of the State, the subsequent voluntary dismissal by the bankrupt of his cross-action will not divest the State court of its power to restore the status so far as the possession of the land is concerned.

2. Where the receiver of the bankruptcy court makes application to the State court for an order requiring its receiver to deliver possession of land to the bankruptcy court receiver, and obtains such order, and possession by the State court receiver is relinquished to him, upon reversal of the judgment of the State court on writ of error it is not erroneous for the State court to authorize its receiver to apply to the bankruptcy court for a restoration of the possession of the land.

    DECEMBER 16, 1914. REHEARING DENIED JANUARY 18, 1915.

Receivership, etc. Before Judge Mathews. Houston superior court. September 15, 1914.

W. H. Harris and other creditors of Luxury Fruit Company, a corporation, instituted an insolvency action against that corporation, in the superior court of Houston county, for the appointment of a receiver for the assets of the corporation. The defendant filed

a cross-petition against Harris and others, who were not parties to the original creditors' bill. This cross-petition alleged a long course of dealing between Harris and the Luxury Fruit Company, and prayed for an accounting between them. It also set up that Harris was in possession of a tract of land known as the "fruit farm" of that company, which had been bought by W. R. Brown (one of the defendants in the cross-action) at a sale under a power contained in a security deed held by the Citizens Bank of Marshallville (another defendant in the cross-petition), which land had been sold by Brown to Harris before the filing of the creditors' bill. The cross-petition alleged various facts by reason of which it was claimed that the sale under the power of sale was void. It was prayed that the sale made under such power be set aside and declared void, and that the bond for title from Brown to Harris (Brown having evidenced his sale to Harris by bond for title) be set aside and declared void. It was also alleged in the cross-petition, "that, a receiver having been appointed for all of petitioner's property under the original bill filed in this case, petitioner doubts whether or not it can proceed to take possession of said property; and therefore submits to the court that it is absolutely necessary for the preservation of the property that it should be taken charge of at once by the receiver appointed in this case, and held subject to the order of the court." Upon the filing of the cross-petition the court entered an ex parte order directing the receiver appointed on the original petition to take charge of the real estate described in the cross-petition, and to hold and preserve the same until the further order of the court, and enjoined Harris and Brown from interfering with the same. Thereafter, on March 25, 1914, the receiver filed a report that he had taken possession of the "Luxury Fruit Farm," and was holding the same and preserving the property as directed in the court's order. Brown and Harris filed motions to vacate the order directing the receiver to take possession of the land, and therein asserted title adversely to the Luxury Fruit Company, and denied that it was in possession thereof. Before the date assigned for a hearing on the motions to vacate the order entered upon the cross-petition, the Luxury Fruit Company filed its petition to be adjudicated a voluntary bankrupt, and afterwards presented to the referee in bankruptcy a petition for the appointment of a receiver for its assets, in which petition it was recited that all of its property

for its assets, in which petition it was recited that all of its property the superior court of Houston county, who was holding the same. The referee appointed a receiver, who made application to the superior court of Houston county for an order directing the receiver of that court to turn over the land to the receiver of the bankruptcy court. The judge of the superior court refused to hear the motions to revoke the order directing the receiver to take possession of the land, and, on motion of the receiver appointed by the bankruptcy court, ordered the receiver of the State court to deliver to such receiver in bankruptcy all of the assets of the insolvent debtor, specifying in the order that this should include the land known as the "Luxury Fruit Farm." Brown and Harris sued out a writ of error to the Supreme Court, to review this judgment. While the case was pending in the Supreme Court the Luxury Fruit Company filed a motion to dismiss the writ of error, on the ground that the question presented was moot. In that motion it was alleged: "And it further appears that said Receiver appointed by the State Court turned over and delivered the property in his possession to the Receiver of the Court of Bankruptcy, as in said order required and directed. And therefore it appears that a moot question only is raised, the object sought to be prevented by the reversal of the judgment having been already accomplished, the property in controversy now being in the actual custody of the Court of Bankruptcy." In support of this motion an affidavit of the receiver of the bankruptcy court was filed, in which it was stated, "that, upon the passage of the order by the Honorable H. A. Mathews, Judge of the Superior Court of the Macon Circuit, directing G. L. Dure, Reciever appointed in the case of Carter Insurance Agency et al. *vs.* Luxury Fruit Company, to turn over to affiant, as Receiver appointed by the Court of Bankruptcy, the property and assets of the Luxury Fruit Company, affiant presented the order of his appointment as Receiver of the Bankruptcy Court, together with said order of the Judge of the Superior Court, to the said G. L. Dure, Receiver, and the said G. L. Dure, Receiver, turned over to affiant as receiver of the Bankruptcy Court the property of the Luxury Fruit Company, including the farm and orchard known as the Luxury Fruit Farm, and affiant at once took charge of said farm." The judgment of the superior court of Houston county was reversed by the Supreme Court on the ground that the judge erred in not deciding the case

on the motions to vacate the order directing the State court receiver to take possession of the land referred to in the cross-bill, and in ordering the State court receiver to turn over the land to the receiver appointed by the court of bankruptcy. *Harris* v. *Luxury Fruit Company,* 142 *Ga.* 67 (82 S. E. 447). Upon the remittitur being made the judgment of the court, Harris and Brown and the receiver of the State court moved in that court for an order authorizing and directing the receiver to apply to the bankruptcy court for an order of that court directing the trustee in bankruptcy of the Luxury Fruit Company to restore to him the fruit farm. On the hearing of these motions the Luxury Fruit Company was allowed to dismiss its cross-petition, and thereafter it filed objections to the granting of the order moved for, upon various grounds. Upon hearing evidence the court below granted the order moved for, and the Luxury Fruit Company excepted.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.

*John R. L. Smith, Louis L. Brown,* and *C. L. Shepard,* contra.

Evans, P. J. (After stating the foregoing facts.)

1. The voluntary dismissal of the cross-action by the plaintiff therein did not deprive the State court of its power to restore the status. It was argued that when the cross-bill was dismissed there was only the insolvency proceeding left, which was superseded by the bankruptcy of the defendant, and that the restoration of the possession of the property to the State court's receiver would be to take the bankrupt's property from the bankruptcy court for administration in an insolvency action in the State court. That argument is rested upon the premise that the land was seized by the State court receiver by virtue of his appointment in the insolvency action. But such is not the fact. The Luxury Fruit Company in its cross-petition alleged that Harris was in the physical possession of the land. It is true that his possession was alleged to be as its tenant, but it was also alleged that Harris was claiming adversely under certain deeds which the company asked to be canceled. The company prayed that the receiver appointed in the insolvency proceeding take charge of the specific land, and the court's order was granted in response to that prayer. The bare allegation that Harris's possession was that of a tenant can not serve to establish such to be the fact, in advance of a trial of the issue. Harris was conceded to be in possession of the land when the cross-petition was

filed and the receiver was appointed. The fruit company desired him ousted of possession and his claim of title annuled, and resorted to a cross-action in the insolvency proceeding to effectuate its purpose. This court held that such cross-action was to be treated as an independent equitable suit against the defendants therein named, and that the order directing the receiver to take charge of the land was a substantial seizure of the possession of the land as against the claim of title and possession of the defendants in the cross-action, and that the court could not thus summarily transfer the possession of the land to the plaintiff in the cross-action or the receiver in bankruptcy representing him. *Harris* v. *Luxury Fruit Company*, 142 *Ga.* 67 (82 S. E. 447). It is therefore apparent that the possession of the receiver was substituted for that of Harris, by virtue of the order entered in response to the prayer of the cross-action. The plaintiff in that cross-action could dismiss its suit; but it does not follow that the effect of the dismissal would be to declare Harris's possession to be that of the plaintiff, as was alleged in the cross-action. It would certainly be a novel proposition to allow a plaintiff to prove his case, and obtain a substantial part of the relief claimed, by dismissing his petition. The Luxury Fruit Company, by dismissing the cross-action under which the receiver took possession of the land, did not deprive the court of the power to restore the status. *Smith* v. *Smith*, 101 *Ga.* 296 (28 S. E. 665); *Fountain* v. *Mills*, 111 *Ga.* 122 (36 S. E. 428).

2. While the writ of error to the judgment directing the State court receiver to deliver possession of the land to the receiver of the bankruptcy court was pending in this court, the parties to this controversy instituted various proceedings in the court of bankruptcy. It appears that in those proceedings the parties attempted to shift their positions relatively to their respective contentions as to the possession of the land when the bankruptcy receiver took charge of it. Much evidence was submitted upon that question. It also appears that a suit had been filed in the district court of the United States by the bankrupt's trustee, to cancel the title claimed by Harris and Brown, upon substantially the same grounds as were set up in the Luxury Fruit Company's cross-petition. Where the bankruptcy court has the actual possession of property, the title to which is in dispute, that property is withdrawn from the jurisdiction of other courts, and the bankruptcy court has ancillary juris-

diction to hear and determine all questions respecting such title. Murphy *v.* John Hofman Co., 211 U. S. 562 (29 Sup. Ct. 154, 53 L. ed. 327). This jurisdiction does not arise out of the bankruptcy act, but comes from the application of the universally accepted doctrine that when a State court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted. Harkrader *v.* Wadley, 172 U. S. 148 (19 Sup. Ct. 119, 43 L. ed. 399). The State and Federal courts uniformly entertain towards each other a spirit of comity, the exercise of which prevents any unseemly wrangle over the jurisdiction of a particular res. In the instant case the receiver of the bankruptcy court made application to the State court for an order requiring its receiver to deliver possession of the land to him. The State court passed the order, and its receiver relinquished possession to the Federal court receiver, and the latter's possession may well have been assumed by the State court to have been acquired in this manner. The subsequent bankruptcy procedure was based on the fruits of the order of the State court. This judgment of the State court has been pronounced to be erroneous; and the present proceeding is simply a move looking towards the restoration of the status, by authorizing the State court receiver to apply to the bankruptcy court to deliver possession of the land to the State court receiver, who had exclusive jurisdiction of the res when the possession of the land was delivered to the receiver of the bankruptcy court.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

---

### NOTE.

Chief Justice Fish was prevented by illness from taking part in the judgments rendered in the cases from page 655 to the close of this volume.