## PATTERSON v. VEASEY et al.

### (District Court, N. D. Georgia. January 22, 1924.)

### No. 270.

**Courts ⬡═➔492—Priority of jurisdiction as between federal and state court obtained by bill for receiver.**

Filing of a bill in a federal court praying appointment of a receiver for the property of defendant, to be administered in insolvency, and the issuance and service of a rule to show cause therein, vests that court with jurisdiction over the property to the exclusion of a state court in a suit subsequently instituted, though a receiver is first appointed therein who takes actual possession.

In Equity. Suit by the Piedmont Corporation against the Gainesville & Northwestern Railroad Company. On dependent bill by J. D. Patterson, receiver, against W. B. Veasey and others, for injunction. Denied without prejudice.

W. D. Ellis and Watkins & Asbill, all of Atlanta, Ga., for movants. Dean & Wright, of Gainesville, Ga., for respondents.

SIBLEY, District Judge. On November 8, 1923, Piedmont Corporation filed and presented a bill in this court against the Gainesville & Northwestern Railroad Company. It was alleged therein: That the railroad company was in default upon a large indebtedness owing the United States, which was secured by a mortgage on all its property and by a guarantee by Piedmont Corporation. That Piedmont Corporation was not only sole owner of the stock, but also a large direct creditor for money advanced to operate the railroad and provide materials for it, for which a lien was claimed. That the railroad was unsafe for use, had exhausted its credit, was largely indebted otherwise, confronted with numerous lawsuits, unable to run, and insolvent as a railroad. It was prayed that the mortgage be foreclosed, that plaintiff's debt and lien be established and the property sold and administered, and that pending the proceedings a receiver be appointed and injunctions granted. The following order was passed:

"Read and considered. It appearing to the court that it has jurisdiction to consider the within bill, jurisdiction is herewith assumed and the defendant, Gainesville & Northwestern Railroad Company is directed to show cause before, me on November 24th, 1923, why an injunction and receiver, one or both, should not be granted as prayed," with provision for service.

Service was made on the same date. On November 24th, the defendant railroad answered admitting the allegations of the petition and joining in the prayer for the receiver, and averring that the United States, its principal creditor, also consented thereto. The trustee in the mortgage was, by its consent, made a party. On December 1, 1923, a receivership was granted, and on December 8th J. D. Patterson was named as receiver. Meanwhile, on November 20, 1923, with knowledge of the filing of the bill in this court, but without knowledge of its precise status, Veasey and Carson, as receivers appointed for another railroad by the United States Court for the Southern District of Geor-

gia, presented to the judge of the superior court of Hall county a bill claiming a debt against the Gainesville & Northwestern Railroad for which a lien was asserted, setting up a state of indebtedness and embarrassment of the railroad similar to that averred in the petition above summarized, and praying a judgment, the establishment of its lien, and a receivership. J. H. Lambert was, on said date, without a hearing, appointed a temporary receiver and took possession of the railroad property. This court, on December 8th, directed its receiver to apply to the state court for an order to the latter's receiver to surrender the property. Application was made on December 10th and a hearing had on December 19th, but no order has been granted. On January 8, 1924, on leave, a dependent bill was filed in this court by Patterson as receiver, against Veasey, Carson, and Lambert, as individuals, for an injunction against their detaining the property or preventing Patterson, as receiver, from taking possession of it. On a hearing for preliminary injunction had January 12, 1924, the facts above recited were not controverted, but possession of the property was defended on the sole ground that Lambert's appointment as receiver antedated Patterson's, and his possession, therefore, could not be disturbed.

The decisive question is the rule of comity to be observed between state and federal courts under the circumstances, a matter not of deference nor discretion, but of law, and necessary to be clearly defined and faithfully observed to enable our dual system of government smoothly to operate. As between conflicting receiverships each of the whole property subject to a lien or to be administered as that of an insolvent, is prior possession, prior appointment, or prior jurisdiction of the controversy entitled to prevail? Expressions, many of them obiter, may be found in support of all three propositions. I think the last is the correct one. I so ruled, without discussion of the authorities, in Re Couch Cotton Mills (D. C.) 275 Fed. 496, when the decision was in favor of the state court receivership, saying:

"The receiver of this court was first appointed and first in possession, having charge of the mill when the state court receiver was appointed; but neither fact is material. Courts of concurrent jurisdiction will not enter into a race with one another to appoint receivers nor permit their officers to scramble for first possession of assets as a basis of right. They will rather as a rule of comity look to the priority in the time of filing of the proceedings which invoke the jurisdiction in aid of which possession of the assets is sought."

Since application of the rule is now in favor of the federal receivership, it will be more narrowly examined. It is, of course, recognized that in merely personal actions, where the courts have not necessarily to control and deal with property in rendering their judgments, neither court needs to and so will not interfere with the proceedings of the other. Kline v. Burk Construction Co., 260 U. S. 226, 43 Sup. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. So cases in which a general receivership may be consistent with the special control by another court of specific property may be laid to one side. The principle to be applied where actual control of the same physical subject-matter is necessary to both courts has been usually stated in general terms thus:

"When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases." Harkrader v. Wadley, 172 U. S. 148, 164, 19 Sup. Ct. 119, 125 (43 L. Ed. 399); Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; Luxury Fruit Co., v. Harris, 142 Ga. 866, 871, 83 S. E. 1093.

As to criminal cases it is settled that jurisdiction for the purposes of the rule attaches not on indictment but on arrest of the person. In re Johnson, 167 U. S. 120, 17 Sup. Ct. 735, 42 L. Ed. 103; Ponzi v. Fessenden, 258 U. S. 254, 42 Sup. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879. Arrest in criminal cases corresponds to service in civil cases, whether by personal notice or by seizure of some res. Cases strictly in rem, in which jurisdiction arises in the court to act at all only on seizure or attachment of the res, may be laid to one side. So may those involving levy of general final process. In the former, plainly "jurisdiction attaches" only on seizure; in the latter, the court has no specific property to deal with until the officer selects and levies upon it. The language used in all such cases, of course, is of actual seizure as determining. In cases of receivership, however, actual seizure is an impractical test, for it might easily happen that each receiver gets first actual possession of a part of the property; whereas, control of the whole is necessary for each court to exercise its jurisdiction in the premises. We find it accordingly ruled in many cases that the prior appointment of a receiver will take precedence, though there be no actual possession taken. It is enough to cite as controlling in each of the courts here involved: Palmer v. Texas, 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435; Inter-Southern Life Ins. Co. v. McQuarie, 148 Ga. 233, 96 S. E. 424. But the cases where prior appointment concurred with prior filing and service are not authorities to the effect that "jurisdiction attaches" only by appointing a receiver. Plainly such a rule might tend to hasty and improvident action and appointments, to appointments without hearing; might also lose to diligent creditors a choice of forum important to them, as in the case of a citizen of another state in his choice of the federal forum, and would put it in the power of a defendant, by resisting one application and favoring another, to determine the priority of courts. The true rule is that the filing of the bill praying for a receiver, the sanction of it by the judge, and service in accordance with his order, perfects jurisdiction—"jurisdiction attaches" over the question of the receivership. The appointment of the receiver does not create the jurisdiction, but is the result of it. The right to take possession of the property comes from the original jurisdiction to make the appointment, and not from the appointment itself. The receivership is the assertion of the jurisdiction that has already attached and a means of exercising it. It may attach and be exercised tentatively before service, as in a temporary receivership granted without notice, and even before the bill is filed, in Georgia, and is to be respected. Young v. Hamilton, 135 Ga. 339, 69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912A, 144.

Direct decision of the Supreme Court of the United States to this effect has not been found, but as tending in this direction are these cases: In Shields v. Coleman, 157 U. S. 168, at page 177, 15 Sup. Ct.

570, 39 L. Ed. 660, Mr. Justice Brewer clearly states the contention here made and cites authorities as supporting it, but finds it unnecessary to decide the proposition. In Missouri Pacific Railway Co. v. Fitzgerald, 160 U. S. 556, 16 Sup. Ct. 389, 40 L. Ed. 536, litigation was begun in the state court which lasted many years. See 44 Neb. 463, 62 N. W. 899. Pending it a federal court appointed a receiver who went into possession. Afterward the state Supreme Court appointed a receiver also, and this was assigned for error in the Supreme Court of the United States. At page 579 of 160 U. S. (16 Sup. Ct. 389 [395], 40 L. Ed. 536), the latter court said:

"As the state courts had been in possession of the res for years before January 12, 1895, when * * * the circuit court * * * appointed a receiver, the Supreme Court of Nebraska held that the rule that the court which first acquires jurisdiction of the subject-matter of an action will retain it until the controversy is finally determined applied, and that the appointment of a receiver by the circuit court was under the circumstances ineffectual to divest the control of the Supreme Court over the assets of the construction company or defeat its right to enforce its judgment in the accounting.

"In our opinion the Supreme Court in so holding denied no federal right of the Missouri Pacific Company."

The language seems to recognize the exercise of jurisdiction by the state court as equivalent to possession of the res, for the state court receiver was not even appointed until April 6, 1895, but the ruling made was only that no federal right was denied. In Wabash Railroad Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379, the question whether the rule of comity had been transgressed was held to be a question on which the Supreme Court of a state might be reviewed. Had the same view been taken in the Fitzgerald Case, it would seem that we would have had a direct decision of the point. In Kline v. Burke Construction Co., 260 U. S. 226, 43 Sup. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, is the most recent discussion of the rule. There "jurisdiction" and "control, actual or potential," are freely spoken of and the statement made on page 231 of 260 U. S. (43 Sup. Ct. 79 [82], 67 L. Ed. 226, 24 A. L. R. 1077), as follows:

"The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature. * * * The rule is limited to actions which deal either actually or potentially with specific property or objects."

In the Supreme Court of Georgia the question arose in May v. Printup, Receiver, 59 Ga. 128, and the court said:

"There is some difference of opinion on the question whether the mere filing a bill seeking to subject property like this in case of insolvency, and where the only recovery can be out of the property, gives such jurisdiction and control of the res, as to prevent another court from appointing a receiver, but the better opinion, we think, is that it does. See High on Receivers, p. 38, § 50, * * * p. 105, § 152."

The doctrine was reasserted in Merchants' & Planters' Bank v. Masonic Hall Trustees, 63 Ga. 549:

"But it is said that a Georgia state court will not interfere with a court of the United States first obtaining jurisdiction and that such a court has jurisdiction and in contemplation of law is in possession of the res when the bill is brought to dispose of that, so soon as the bill is filed, and is not postponed to the time that a receiver is actually appointed. That is so, we hold, in cases where the receiver is appointed. Such appointment will date back to the time of filing the bill."

The Printup Case is cited and explained with approval in Young v. Hamilton, 135 Ga. 339, 349, 69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912A, 144.

In the Circuit Court of Appeals (5th), in Adams v. Mercantile Trust Co., 66 Fed. 617, 15 C. C. A. 1, a suit was filed in a state court by a creditor who claimed his debt was a lien on the property of a railroad company which was insolvent and involved in litigation. A receiver was prayed and a sale of all the property to pay all debts. A receiver was appointed, but discharged by consent of parties. Later a decree was rendered and reference made to a master to fix the debts and a receiver again appointed. Between the two receiverships the federal court had appointed a receiver, who was in possession; but he was required to turn over the property to the state court's second receiver. The Circuit Court of Appeals made no point of the discharged receiver. Indeed, under Shields v. Coleman, 157 U. S. 168, 15 Sup. Ct. 570, 39 L. Ed. 660, the first receivership amounted to nothing; but the court said:

"The suit instituted by Broughton in the state court against the * * * Railway & Navigation Company brought under the direct control of the court all the property of said railway company, to be administered for all entitled to share the fruits of the litigation. The possession and control of the railroad were absolutely necessary to the exercise of the jurisdiction of the court. The filing of the bill, and the service of process thereunder, was an equitable levy upon the property. Miller v. Sherry, 2 Wall. 237; Railroad Co. v. Pettus, 113 U. S. 116–124, 5 Sup. Ct. 387. Pending the proceedings in that court under the said bill the said railroad and property may properly be said to be in gremio legis. Union Trust Co. v. Rockford, R. I. & St. L. R. Co., 6 Biss. 197, Fed Cas. No. 14,401; Railroad Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155."

In Riesner v. Gulf Railway Co., 89 Tex. 656, 36 S. W. 53, 33 L. R. A. 171, 59 Am. St. Rep. 84, the cases of May v. Printup and Adams v. Mercantile Trust Co., supra, were reviewed with many others, and the law declared to be that after an application for a receiver is made and so acted upon by the judge as to indicate that he may appoint, the property involved is in the custody of the law to the extent that it cannot be taken by another court as against a receiver afterwards appointed. In McKinney v. Landon, 209 Fed. 300, 126 C. C. A. 226, the Circuit Court of Appeals of the Eighth Circuit, upon reasoning and authority, independent of that above cited, held that in a conflict of receiverships between state and federal courts:

"By the bringing of such an action under the statute in which a receivership is prayed for, the state court acquires jurisdiction over the property of the corporation within the state to the exclusion of a federal court in a suit subsequently brought therein, although the latter first appointed receivers."

In the early edition (1890) of Foster's Federal Practice, § 9, the rule is thus stated:

"Property is deemed to be in the custody of a court from the time when a suit or action seeking to have it put there has been actually begun, either by a levy under a writ in a proceeding in rem or by the filing of a bill praying the appointment of a receiver and the service of process."

The statement is elaborated but not improved upon in the edition of 1913, section 52, p. 155.

In the instant case the federal bill having been filed, acted on by the judge, and rule to show cause issued and served before the presentation of the bill in the state court, the receiver under the former bill, though later appointed, has precedence over that under the latter.

2. Whether the receiver in the state court was improperly or erroneously appointed is not a matter of inquiry here. This court concerns itself only with the exercise of its own jurisdiction and with the question of the priority thereof. McKinney v. Landon, 209 Fed. 300, 126 C. C. A. 226.

3. The prohibition of Judicial Code, § 265 (Comp. St. § 1242), against federal courts enjoining proceedings in a state court, has no application to injunctions awarded in support and protection of the lawful jurisdiction of the federal courts. Kline v. Burke Construction Co., 260 U. S. 226, 43 Sup. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077.

4. A due regard for the prior possession of the state court requires that it be permitted first to determine the question of comity here arising. A reasonable time having elapsed for that purpose after application made by the receiver of this court for possession, it became proper for this court to authorize the filing of the bill by its receiver to protect and enforce its own jurisdiction. Pending the consideration of the motion for preliminary injunction made thereunder, the state court has announced a decision awarding custody of the property to the federal court. This action on the part of the state court does not remove the duty of determining the issues submitted on the hearing for the injunction, no amendment of the pleadings having been made by either side, but it does seem to remove the present necessity for the awarding of extraordinary relief.

It will therefore be ordered that a preliminary injunction be refused, without prejudice to another application therefor should the necessity hereafter arise.