## LA RUE HOLDING CO. et al. v. ESSEX et al.

### No. 12693.

Court of Civil Appeals of Texas. Fort Worth. Nov. 13, 1931.

Rehearing Denied Dec. 19, 1931.

Grisham, Patterson & Grisham, of Eastland, for appellants.

Samuels, Foster, Brown & McGee, McDonald & Floyd, Todd & Crowley, C. S. Essex, Dexter Scurlock, and J. A. Wickes, all of Fort Worth, for appellees.

BUCK, J.

On July 6, 1931, Mack Watson filed a complaint and suit against Paul Vitek, alleged to be doing business as Paul Vitek, Trustee, Paul Vitek-Van Zandt-Williamson-La Rue Interests, and known as Group One Enterprise; Paul Vitek Group Two, Paul Vitek Group Three Enterprise and Vitek Combined Oil Interests, and alleged that plaintiff owned and held certificate of interest in each of the several enterprises of said defendant, set out in the plaintiff's petition, and that the certificates issued to him by said defendant for his interest in Group One Enterprise are in possession of the defendant; the same having been sent to defendant for transfer into his Combined Oil Interests at the instance of said defendant and upon his representation that, unless such transfer was made on or before July 1, 1931, plaintiff would be charged with $50 and interest, which plaintiff advised said defendant he understood to be a threat of an assessment against his interests in said Group One, and plaintiff was thereby, over his protest, coerced into consenting to such transfer. In the petition, plaintiff set out a list of the tracts of land and leasehold interests of which defendant was alleged to be the owner, or in which he was at least interested.

Plaintiff asked that citation be issued to defendant and that he be required to appear and answer, and that plaintiff have an accounting with said defendant for each of defendant's promoted enterprises, and that the court determine which of defendant's group enterprises each and all the properties owned and held by said defendant in his own name or as trustee, or otherwise, belongs, and the interest owned by plaintiff in each of said enterprises, and that said properties be sold and disposed of for the benefit of plaintiff and the other holders of undivided interests in said several properties, and that the title to all the properties in the name of said defendant Vitek be decreed to be held in trust for the owners of the group to which it is found to belong, or from the proceeds of which it was acquired, and that the court find and determine

the amount of money received by said defendant from the properties and each of them and the revenue and income from the properties of each of said groups, and that defendant be required to account for the same, and that a receiver be appointed to take charge of all of said properties and of the revenues thereof in the hands of said defendant, and conserve the same pending the further order of the court; that such receiver take charge of all the books and records of said defendant, and that the same be audited and the true and correct status of the properties and assets of said various groups be determined, and the undivided interest of plaintiff therein be determined and fixed, as well as the ownership of the remaining undivided interest in said property, that the same may be protected against loss and dissipation and the plaintiff have judgment for the value of his interest in said properties in the sum of $25,000.

This petition was sworn to by J. M. Willis, attorney for plaintiff.

On the day the petition was presented, to wit, July 6, 1931, Frank P. Culver, Jr., the district judge of the Seventeenth judicial district, ordered the same to be filed, and ordered the clerk to issue notice to defendant to appear before that court on July 17, 1931, at 9 a. m., and show cause why a receiver should not be appointed as prayed for. Citation was issued on July 6, 1931, to Paul Vitek, defendant, doing business as Paul Vitek, Trustee, Paul Vitek-Van Zandt-Williamson-La Rue Interests and known as Group One Enterprise, Paul Vitek Group Two, Paul Vitek Group Three Enterprise, and Vitek Combined Oil Interests. On July 12, 1931, Paul Vitek was fatally burned while in and around an oil well which caught fire, was brought to Fort Worth, and died in the hospital on July 13th.

On July 16, 1931, C. A. Gilliam, of Tarrant county, was appointed receiver of all and singular the properties mentioned in plaintiff's petition and also mentioned in the answer of certain named defendants filed in that suit on July 16th by attorneys Arthur Heeman, Hamilton & Hamilton, of Dallas, and Dexter W. Scurlock, and the receiver's bond was fixed at $10,000, which was duly filed and approved.

The answer for the defendants, the filing of which is noted above, was sworn to by Arthur Heeman, and he stated that he was the attorney for the defendants in the above-named answer, and was familiar with the facts set forth in the answer, and that the facts stated were true. The defendants joined plaintiff in the application and prayer for appointment of the receiver. On July 16, 1931, C. S. Essex filed an intervention, setting up the fact that he held a certificate of interest in the Vitek Combined Oil Interests, and he joined in the application for a receivership. He described and set up in said plea 43 different tracts of land and interests in which he alleged the defendant, or defendants, were interested, and in which he alleged he had an interest by reason of his certificate of interest issued to him by the Combined Oil Interests. The evidence shows that Paul Vitek and S. W. Benninger and Miss E. Stoll were the sole owners and directors of the original Vitek's interest, and the some four or five groups of interests which were subsequently incorporated as the Vitek-Van Zandt-Williamson-La Rue Interests, known as Group One Enterprise, and as Paul Vitek Group Two and as Paul Vitek Group Three Enterprise, and as the Vitek Combined Oil Interests, which were the same parties as mentioned in plaintiff's petition and included in the answer filed by the defendants in the district court of Tarrant county.

On July 15, 1931, T. T. Word Supply Company, of Houston, instituted suit in the district court of Smith county against the La Rue Holdings Company, Williamson County Oil Purchasing Company, Williamson County Oil & Royalty Company, Combined Oil Interests, and Williamson County Petroleum Company, on an unsecured claim of indebtedness and in which suit application was made for the appointment of a receiver of all the properties of the defendants in that suit. That application was granted on the same day the suit was filed, and Earle Mayfield and John M. Stephens were appointed receivers of those properties, and, after they qualified as such, they took charge of the same. And the properties so taken by them are the same as those involved in the present suit, and for which a receiver had been theretofore appointed in this suit by the district court of Tarrant county for the Seventeenth judicial district.

Later the defendants in that suit filed a motion in the present suit praying for a dissolution of the receivership theretofore granted by the Seventeenth district court. That motion was overruled, and the present appeal has been prosecuted by the parties who filed that motion.

#### Opinion.

Appellants urge that the petition of Mack Watson, who was subsequently allowed to take a nonsuit and dismissed, did not set up a cause of action as against a general demurrer.

We have carefully examined the petition and conclude that said petition does set up a cause of action as against the Paul Vitek Interests, whether held by Paul Vitek, Trustee, or otherwise, and overrule the assignment.

■ When the trial court in the Seventeenth judicial district attached his fiat to the petition on July 6, in a way to indicate that he had determined that he would investigate the matter and appoint a receiver at some future date, we hold the property is thereafter considered in the custody of the law, and is not liable to the possession or jurisdiction of any other court, pending such investigation. In

Riesner v. G., C. & S. F. Ry. Co., 89 Tex. 656, 36 S. W. 53, 54, 33 L. R. A. 171, 59 Am. St. Rep. 84, the Supreme Court, in an opinion by Judge Brown, discusses the question as to whether the mere filing of a petition for the appointment of a receiver without action of the court or service of process will be sufficient to cause the jurisdiction of the court to attach; but does decide that the filing of the petition, where the judge grants the application for appointment of receiver, will prevent interference with such property by other courts from the date jurisdiction attaches to the property.

The evidence shows that Paul Vitek was served with a copy of the citation on July 7, 1931, and we believe that such citation fixed the jurisdiction of the Seventeenth judicial district court over the property described in the petition. See Patterson v. Veasey, 295 F. 163, 165, decided by the United States District Court for the Northern District of Georgia, where the court held: "The true rule is that the filing of the bill praying for a receiver, the sanction of it by the judge, and service in accordance with his order, perfects jurisdiction."

In this case, the court held that the appointment of a receiver did not create the jurisdiction but is the result of it; and the right to take possession of the property comes from the original jurisdiction to make the appointment and not from the appointment itself; that a receivership is but the exercise of jurisdiction which has already attached, and is but a means of exercising it. The court said: "It may attach and be exercised tentatively before service, as in a temporary receivership granted without notice."

In Patterson v. Veasey (D. C.) 295 F. 163, 167, the court, quoting from Adams v. Mercantile Trust Co. (C. C. A.) 66 F. 617, said: "The suit instituted by Broughton in the state court against the * * * Railway & Navigation Company brought under the direct control of the court all of the property of said railway company, to be administered for all entitled to share the fruits of the litigation. The possession and control of the railroad were absolutely necessary to the exercise of the jurisdiction of the court. The filing of the bill, and the service of process thereunder, was an equitable levy upon the property."

The case of McKinney v. Landon, 209 F. 300, by the United States Circuit Court of Appeals, was one of a controversy between receivers appointed by a federal court and a state court, where each claimed the right of prior possession to property. The receiver in the federal court was appointed prior to the time of the appointment of the receiver in the state court, and while the state judge presumably had the matter under consideration. The Circuit Court of Appeals held that, notwithstanding that the federal court had first appointed a receiver, the jurisdiction of the state court had attached to the property and subject-matter when the petition was filed, and the receiver in the state court had prior right of possession to the property; and further held that the subsequent appointment of a receiver by the state court related back, so that it might be said that it was in constructive possession of the property from the time the action was commenced; and that where the declared purpose of an action in whole or in part is directed to specific property and a full accomplishment thereof may require jurisdiction, dominion, and control, jurisdiction of the property attaches at the beginning of the action. See Stewart v. Poinboeuf, 111 Tex. 229, 233 S. W. 1095, by the Supreme Court of Texas, opinion by Judge Greenwood; Texas Trunk Railway Co. v. Lewis, 81 Tex. 7, 16 S. W. 647, 26 Am. St. Rep. 776, opinion by Chief Justice Stayton; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1069, opinion by Chief Justice Cureton; Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W.(2d) 1067, 1070, by the Commission of Appeals and approved by the Supreme Court, involving the question of jurisdiction of two district courts over the subject-matter involved in two suits, one filed in Bexar county, and one subsequently filed in Tom Green county. The court said:

"The decisive question in this case is: Did the district court of the Forty-Fifth district of Bexar county acquire original jurisdiction of the subject-matter involved in this suit?

"By reason of plaintiffs filing their suit in * * * Bexar county on April 1, 1927, that court became possessed of the cause of action alleged in the pleadings and acquired exclusive power and jurisdiction to hear and determine said cause, not only as to the defendants then called to answer, but as to any and all other parties, proper or necessary, to the final adjudication of the subject-matter involved therein. The district court of Tom Green county has no jurisdiction whatever of this suit."

See Worden v. Pruter, 40 Tex. Civ. App. 118, 88 S. W. 434, writ of error denied.

While, owing to the necessity for prompt action in the decision of this case, we have not sought to cite any more authorities, yet we conclude that the Seventeenth judicial district court of Tarrant county acquired jurisdiction not only of defendant Paul Vitek, but of the properties described in said petition, whether owned by Paul Vitek individually, or by corporations in which Paul Vitek was interested.

In Cleveland v. Ward, supra, the Supreme Court, speaking through Chief Justice Cureton, said:

"Regardless of the question as to whether the original petition was sufficient in all re-

spects against demurrer, its subject-matter was within the jurisdiction of the district court of Johnson county, and that court, by the filing of the petition, acquired jurisdiction of the suit. * * *

"When suit was filed in the Johnson county district court, the jurisdiction of that court attached, with power on the part of the court to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions."

Tardy's Smith on Receiverships, Vol. 2, page 1882, par. 691, says: "The power of a court to appoint a receiver, naturally proceeds from its jurisdiction of a cause of action, and is not affected by an error in the exercise of its power to appoint. The mere fact that the pleadings in the cause are defective will not affect the jurisdiction of the court."

In the case of Way v. Coca Cola Bottling Co., supra, suit was originally filed in Bexar county against Walker, defendant, and later a suit was filed in Tom Green county, and it thereafter became evident that Walker was neither a necessary, nor a proper, party. The Bexar county district court allowed the plaintiff to amend its pleadings, and to dismiss as to Walker, the sole defendant, and to substitute the Coca Cola Bottling Company as a new and sole defendant, the Commission of Appeals holding that the jurisdiction of the court, in which the petition was first filed, was not thereby lost, but that it retained its jurisdiction at all times over the subject-matter.

■ We conclude that the district court of Tarrant county has jurisdiction over the receivership, and that the district court of Smith county, by which a receivership was granted on July 16, 1931, and Earle Mayfield and John M. Stephens were appointed as receivers, has no jurisdiction of the properties involved in this suit, since the plaintiff's petition filed in the district court of the Seventeenth judicial district of Tarrant county described the property over which a receivership was granted in that court. Appellants present no contention that the petition filed in the Tarrant county district court failed to show good cause for a receivership; their sole contention being that plaintiff's petition failed to show jurisdiction over the properties involved, and hence is subject to a general demurrer.

Therefore the judgment of the Seventeenth judicial district court of Tarrant county, appointing the receiver, and in refusing to dissolve the receivership on the motion of appellants, is affirmed. We further hold that the receiver appointed by the Tarrant county court has the right to the exclusive possession, control, and management of all the properties mentioned in plaintiff's original petition and the subsequent interventions, and all other properties owned by the associations, corporations, and persons referred to in those pleadings, under the direction and control of that court. This judgment is not intended to preclude the filing of any claims for allowance of wages, or other claims in the district court of Tarrant county which might be lawfully established against the properties placed in the hands of the Tarrant county receiver.

■ It appearing that the receivers appointed by the district court of Smith county have taken possession, control, and management of the properties mentioned in that suit, as well as those involved in this suit, together with other assets belonging to the estates in controversy, consisting of books of accounts, chose in action, moneys, etc., and that during said receivership the receivers have collected moneys arising from their control and management of the properties, said receivers, to wit, Earle Mayfield and John M. Stephens, their agents and servants, are accordingly ordered to turn over to C. A. Gilliam, the receiver appointed by the Tarrant county court, all of said properties, assets, and moneys so mentioned forthwith.

It is the order and judgment of this court that the judgment and opinion of this court be certified to the Seventeenth judicial district court of Tarrant county for observance and execution.

Judgment affirmed, with instructions.